UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MASSENGALE,<br><br>                Plaintiff,<br><br>v.<br><br>SHANNON DICUS, et al.<br><br>                Defendants. | Case No. 5:24-cv-02352-SSS-SSC<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636 the Court has reviewed all of the records herein, the Report and Recommendation of United States Magistrate Judge, and Plaintiff's objections to the Report and Recommendation. The Court has engaged in a de novo review of those portions of the Report and Recommendation to which Plaintiff has objected.

The action is based on Plaintiff's encounter with San Bernardino County Sheriff's deputies that led to Plaintiff's arrest for having fraudulent license plates on his vehicle. The Report recommends dismissal of Plaintiff's First Amended Complaint for failure to state a claim on which relief may be granted, and without further leave to amend. [Dkt. 9]. Plaintiff's Objections to the

Report [Dkt. 11-12] do not warrant a change to the Magistrate Judge's findings or recommendation.

Plaintiff requests leave to amend, with a proposed Second Amended Complaint. [Dkt. 11 at 2]. The Court agrees with the Magistrate Judge that Plaintiff's proposed Second Amended Complaint "suffers from the same deficiencies as his prior pleadings, i.e., Plaintiff has presented facts establishing that he was lawfully detained and arrested, his allegations that would support a contrary finding are premised on frivolous sovereign-citizen type arguments, and his First Amendment claim is foreclosed by the very fact that his arrest was lawful under the Fourth Amendment." [Dkt. 13 at 2]. Thus, leave to amend is denied.

Plaintiff objects that his ultimate arrest for unlawful vehicle registration was not supported by probable cause, because he was not required to register his vehicle. [Dkt. 11 at 2-4]. But as the Report found, based on Plaintiff's allegation that he had only "private plates" on his vehicle, Deputy Ragland had probable cause to believe that the license plates were fraudulent and therefore had probable cause to arrest Plaintiff. [Dkt. 9 at 11]. Plaintiff's argument, apparently based on sovereign-citizen principles, that he was not required to comply with state laws regarding vehicle registration is frivolous. Id. at 13.

Plaintiff objects that the officers only had reasonable suspicion of criminal conduct, which was not sufficient to arrest him. [Dkt. 11 at 4-7]. As the Report found, Deputy Ragland's initial detention of Plaintiff was supported by reasonable suspicion because, as Plaintiff openly admits, he had "private plates" rather than state-issued license plates on his automobile. [Dk. 9 at 10].

Plaintiff objects that the County of San Bernardino is liable under Monell v. Dept. of Social Servs. Of City of New York, 436 U.S. 658 (1978), for its training, supervision, and policies regarding deputy sheriffs. [Dkt. 11 at 7-10]. As the Report found, Plaintiff has not identified the way in which the County's

training, supervision, or policies were unlawful. [Dkt. 9 at 17]. Moreover, because Plaintiff has not alleged an underlying constitutional violation, he has failed to plead sufficient facts to state a claim for Monell liability. Id.

Plaintiff objects that he has a constitutional right to travel. [Dkt. 12 at 1-2]. But as the Report found, the implication of this assertion, that he was not bound by the state's registration laws, is frivolous. [Dkt. 9 at 13]. Although Plaintiff objects to being labeled or stigmatized as a sovereign citizen [Dkt. 12 at 2-3], it is the substance of his argument, not the label, that is frivolous. It is frivolous to argue that one has an unfettered constitutional right to drive on public roads without having state-issued license plates.

The Court accepts the findings and conclusions of the Magistrate Judge in the Report and Recommendation.

**IT IS ORDERED** that judgment be entered dismissing this action with prejudice for failure to state a claim on which relief can be granted.

DATED: February 12, 2025

SUNSHINE S. SYKES
United States District Judge